IN THE UNITED STATES DISTRICT COURT FOR THE

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RANDALL E. KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-05-1082-D |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is the Motion for Attorney Fees Under 42 U. S. C. § 406(b) filed herein by Plaintiff's counsel [Doc. No. 25]. Counsel seeks approval of an attorney fee of $10,482.00 for legal work before this Court in connection with Plaintiff's receipt of Social Security benefits, to be paid to counsel pursuant to the contingent fee contract executed by Plaintiff. Plaintiff's counsel states that the amount approved by the Court will be paid to counsel from the past-due benefits awarded by the Social Security Administration as a result of this Court's previous judgment remanding this case for further proceedings. Upon receipt of the approved fee, counsel will then refund to Plaintiff the $2,944.10 previously awarded and paid pursuant to this Court's 2006 Order determining that Plaintiff is entitled to that amount as the prevailing party under the Equal Access to Justice Act, 28 U. S. C. § 2412(d) ("EAJA").

Defendant has timely responded to the Motion, acknowledging that he is not the true party in interest and has no financial stake in the outcome of the motion; instead, Defendant's role is similar to that of a trustee for the Plaintiff. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n. 6 (2002). Defendant discusses the standards to be employed by the Court in ruling on a motion for

§ 406(b) fees, and does not take a position with regard to the reasonableness of the fee requested by counsel in this case.

In support of the motion, counsel summarizes the history of this case, noting that counsel was asked to represent Plaintiff in his appeal to this Court of an unfavorable agency decision. Plaintiff and counsel executed a contingent fee contract in which Plaintiff agreed to pay counsel a fee of 25% of any past-due benefits obtained if he ultimately received a favorable decision and was awarded benefits. A copy of the contingent fee contract is submitted as Attachment 3 to the Motion. The contract provides that any fee paid pursuant to its terms will be offset by fees awarded pursuant to EAJA. Counsel states that, if the Court approves the request for a fee of $10,842.00, the previously awarded EAJA fee of $2,944.10 will be refunded to Plaintiff and the balance retained by counsel as the full attorney fee for his representation in this case.

The record reflects that, when Defendant issued its notice of an award of past-due benefits to Plaintiff in the amount of $64,568.00, it withheld 25% of that amount, pending the Court's ruling on the § 406(b) fee to be awarded. The amount withheld was $16,142.00. Pursuant to § 406(b), a court may award a reasonable fee to a plaintiff's counsel, not to exceed 25% of the past-due benefits awarded.

Before determining the amount of a reasonable fee, the Court must first find that the motion for a fee award is timely. There is no deadline prescribed by the statute. In this case, the notice of the award of past-due benefits was issued on January 2, 2008; the instant motion was filed on January 18, 2008. Because the motion was filed less than three weeks after issuance of the notice, the Court concludes that it is a timely motion.

Section 406(b) fees are available when a court remands a case for further proceedings and

the agency issues a favorable ruling on remand. *McGraw v. Barnhart*, 450 F.3d 493, 502 (10th Cir. 2006). However, a § 406(b) award is not mandatory. *Id.* Nor is an award consisting of 25% of the past-due benefits mandatory; instead, the 25% represents a ceiling on the fees. *Gisbrecht*, 535 U.S. at 807.

The Court must independently review the § 406(b) fee request to ensure that it satisfies the statutory purpose of yielding a reasonable result. *Gisbrecht*, 535 U.S. at 806. The attorney for the successful claimant bears the burden of establishing the reasonableness of the fee requested. *Id.* at 807 n. 17. Although § 406(b) does not prescribe the factors to be applied in evaluating the reasonableness of the fee, the United States Supreme Court has discussed in general the items to be considered. *Gisbrecht*, 535 U.S. at 808. Specifically, the Court has held that contingent fee agreements are permissible under § 406(b). *Gisbrecht*, 535 U. S. at 808-09. The Court must, however, determine that the terms of the agreement are reasonable. *Id.* If the agreement is reasonable, it should be given significant weight in fixing a fee; however, the Court should also consider other factors, including the time expended by counsel as well as the quality of the legal work. *Gisbrecht*, 535 U.S. at 808. The "lodestar" method should not be applied in determining the reasonableness of a fee in a Social Security case where a plaintiff has executed a contingent fee contract. *Id.* at 806. Instead, the Court should examine the quality of the legal representation and may reduce a requested fee if the work was substandard, if there were unnecessary delays, or if the representation was otherwise deficient. *Gisbrecht*, 535 U. S. at 808.

In this case, the parties executed a contingent fee agreement governing the work to be performed by counsel in federal court proceedings in connection with Plaintiff's claim for Social Security benefits. *See* Attachment 3 to Motion. They executed a separate fee contract for legal work

to be performed in connection with administrative proceedings.  A copy of that contract is submitted with Attachment 1 to the Motion.  The contracts set a maximum fee of 25% of any past due benefits awarded, subject to reduction by any award of fees pursuant to EAJA.  Both contracts provide that, if a favorable decision does not result, Plaintiff will owe no attorney fee.  The contract governing legal representation in a federal court  provides that no fee is owed to counsel unless the federal court action is successful and Plaintiff is awarded benefits by the Social Security Administration upon remand.  In addition, the contract requires payment by the Plaintiff of filing fees and other expenses related to the pursuit of his claim in a federal court action.

Counsel for Plaintiff states that the contracts are the standard fee contracts utilized by counsel in connection with the representation of Social Security claimants.   Having examined the terms and provisions of the contract, the Court finds that it is reasonable.

With respect to the other factors to be considered in assessing a reasonable fee, the Court finds that the quality of the work performed by counsel warrants the fee requested.  Counsel pursued Plaintiff's claim in a timely manner, and was successful in achieving a reversal of the Defendant's decision and a remand of the matter for further consideration.  Upon remand, Plaintiff was awarded an EAJA fee of $2,944.10.  Plaintiff was determined to qualify for benefits, and past-due benefits totaling  $64,568.00 were awarded.

Counsel now seeks an award of $10,842.00; if that amount is awarded, counsel will refund to Plaintiff the $2,944.10 in EAJA fees previously awarded and paid, as provided in the contingent fee agreement.  Counsel acknowledges that, if the requested amount is awarded and calculated on an hourly rate basis, the rate per hour would exceed the amount which normally would be considered reasonable.  However, he also points out that the requested amount is less than the 25% ceiling

4

prescribed by § 406(b), as the Defendant calculated that amount to be $16,142.00.

Having fully considered the terms of the contingent fee contract, the work performed by counsel in this case, and the results obtained, the Court concludes that the requested fee represents a fair and reasonable fee.  Accordingly, the Motion [Doc. No. 25] is GRANTED.  The Defendant is directed to pay the amount of $10,842.00 to Plaintiff's counsel, Steve A. Troutman of Troutman & Troutman, P.C., as total payment of the attorney fee to be awarded pursuant to § 406(b).  Upon receipt of same, Plaintiff's counsel shall refund to Plaintiff the $2,944.10 in EAJA fees previously awarded and paid to counsel.

IT IS SO ORDERED this  5th  day of June, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE